# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| POLLY JO HURDLE SAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:11cv035 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | )      United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On September 12, 2012, the court entered a Memorandum Opinion and Order rejecting the report and recommendation issued by the magistrate judge and affirming the decision of the Commissioner in this case. Plaintiff subsequently filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)[1] (Dkt. # 22), which is currently before the court. For the reasons set forth herein, the plaintiff's motion is **DENIED**.

## I.

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three grounds for doing so: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson

---

[1] As plaintiff's motion was filed 28 days after entry of judgment in the Commissioner's favor, it is properly analyzed under Rule 59(e).

v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co., 148 F.3d at 403 (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). However, a Rule 59(e) motion may not be used to raise arguments that could have been raised prior to entry of the judgment or to argue a case under a new legal theory the party had the ability to address in the first place. Id. "[M]ere disagreement" with a court's ruling does not support a Rule 59(e) motion. Hutchinson, 994 F.2d at 1081. Parties should not use Rule 59(e) motions to "rehash" arguments previously presented, Wadley v. Park at Landmark, LP, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007), as the purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## II.

Although plaintiff does not specify which grounds for amending the court's earlier judgment apply in this case, the court will assume plaintiff seeks reconsideration of the court's ruling based on "a clear error of law or [to] prevent manifest injustice." Hutchinson, 994 F.2d at 1081. Plaintiff does not allege an intervening change in controlling law, nor does she present new evidence. As such, the court will consider whether relief is warranted under the third ground for granting a Rule 59(e) motion set forth in Hutchinson.

Plaintiff asserts the court erred in three ways: 1) by undertaking its own credibility determination rather than recognizing that the rationale given by the Administrative Law Judge (ALJ) was insufficient to support his credibility determination; 2) by applying an improper standard to the evaluation of plaintiff's subjective complaints; and 3) by finding the ALJ's

2

residual functional capacity (RFC) determination was supported by substantial evidence. The court will address each argument in turn.

A.

Much of plaintiff's first argument centers on what she claims to be a flawed credibility analysis by the ALJ. In that respect, she merely reiterates her summary judgment argument, claiming the ALJ's credibility determination was based on mischaracterizations of the evidence. In her Rule 59 motion, she argues that "[w]hen confronted with this plethora of mischaracterizations, the Court, rather than recognizing that the rationale provided by the Administrative Law Judge was insufficient to support his credibility determination, instead undertook to create its own credibility determination, based upon perceived inconsistencies in the record. This was error." Pl.'s Br. in Support of R. 59 Mot., Dkt. # 23, at 5. Contrary to plaintiff's assertion, however, the court did not undertake its own credibility determination.

The court's role in reviewing a final decision of the Commissioner regarding disability benefits "is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If there is substantial evidence to support the Commissioner's decision then the court's inquiry must terminate. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

The court, in determining whether substantial evidence supports the Commissioner's decision in this case, reviewed the entirety of the administrative record and held that the ALJ's credibility assessment was supported by substantial evidence. After quoting plaintiff's testimony from the administrative hearing, the court specifically addressed the ALJ's finding that "inconsistencies in [Saylor's] statements [] detract from her credibility," Administrative Record, hereinafter "R.," 21-22, concluding that the record evidence did in fact reveal some inconsistency between her alleged limitations and her level of activity. The court further addressed the ALJ's conclusion that "the degree of severity [Saylor] alleged lacks support and consistency with the other evidence of record," R. 22, noting specifically that Saylor's limited treatment by her primary care physician, references in the medical records to improvement of her symptoms with medication, the routine and conservative nature of her treatment, and the lack of an opinion from Dr. McNamara as regards Saylor's functional ability to perform work activity all supported the ALJ's decision.

The court ultimately held that "[t]he evidence of record simply does not substantiate the degree of limitation Saylor alleges." Memorandum Opinion, Dkt. # 20, at 5. The court did not conduct its own credibility determination in reaching this conclusion. Rather, the court discharged its duty on judicial review by carefully reviewing the administrative record and determining that the Commissioner's decision was supported by substantial evidence. The court evaluated the ALJ's credibility determination and the reasons therefor, considered the arguments of counsel, and made note of certain portions of the administrative record that provide substantial evidence for the ALJ's decision. The fact that plaintiff does not agree with the court's conclusion is not grounds to alter judgment under Rule 59(e). See Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). As such, plaintiff's first argument fails.

**B.**

Plaintiff's second argument on Rule 59 fairs no better. Plaintiff contends that the court "applied an improper standard to the evaluation of the Plaintiff's subjective complaints." Pl.'s Br. in Support of R. 59 Mot., Dkt. # 23, at 8. Plaintiff specifically asserts that the court "required that the Plaintiff establish by objective medical evidence the degree of pain and limitation which she suffers, and found that she had not done so. This was error." Id. at 9.

In its Memorandum Opinion, the court stated as follows:

> The ALJ is not required to accept Saylor's subjective allegation that she is disabled because of her pain, but rather must determine, through an examination of the objective medical record, whether she has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. Then, the ALJ must determine whether Saylor's statements about her symptoms are credible in light of the entire record.

Memorandum Opinion, Dkt. # 20, at 4 (citing Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996)). This is an accurate statement of the law and the proper way to analyze a claimant's subjective complaints.

The Fourth Circuit has held that evaluation of subjective complaints of pain requires a two-step process. Craig, 76 F.3d at 594; see also Social Security Ruling 96-7p; 20 C.F.R. § 404.1529(a). First, "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 591. Second, if the underlying medical impairment reasonably could be expected to produce the pain alleged by the claimant, the ALJ must evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595. This evaluation must take into account:

> Not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citations omitted).

In its Memorandum Opinion, the court noted that the ALJ appropriately followed this two-step process in considering plaintiff's subjective complaints. Memorandum Opinion, Dkt. # 20, at 4-5. Indeed, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 21. As such, the inquiry on judicial review focused on whether substantial evidence supported the ALJ's determination at the second step of this evaluation.

Plaintiff incorrectly asserts that at step two of the evaluation she "was entitled to rely exclusively on subjective evidence to prove that her pain is so continuous and/or so severe that it prevents her from working a full eight hour day." Pl.'s Br. in Support of R. 59 Mot., Dkt. # 23, at 8. While it is true that allegations of pain "may not be rejected '*solely* because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of her pain," Craig, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2) (emphasis added by Fourth Circuit)) (alteration in original), the objective medical evidence is not to be ignored during the second step of the evaluation, as plaintiff's motion would suggest. Indeed, the Fourth Circuit has stated that "all available evidence," including medical history, medical signs, laboratory findings, medical treatment and any objective medical

6

evidence of pain, must be taken into account in evaluating the intensity and persistence of a claimant's pain and the extent to which it affects her ability to work. Id.

Plaintiff relies on and quotes extensively from Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006) in support of her argument. It is true that in Hines, the Fourth Circuit allowed the plaintiff to rely entirely on subjective evidence at step two:

> Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain is so continuous and/or severe that it prevents him from working a full eight hour day.

453 F.3d at 565. But the circumstances in Hines are distinguishable from those in the instant case. The plaintiff in Hines suffered from sickle cell anemia, a disease that "leaves its victims easily fatigued and often suffering from episodes of acute pain" and "rarely produces [] objective medical evidence . . . ." Id. at 560-61. Hines' treating physician had advised him to cease working and opined on three occasions that his sickle cell anemia was fully disabling. Id. at 561. The Fourth Circuit held that the ALJ erred by "refus[ing] to credit Mr. Hines with having debilitating pain because a laundry list of objective indicators did not appear in [the] medical records." Id. at 563. But the Fourth Circuit qualified its holding that Hines could rely solely on subjective evidence at the second step of the analysis, stating:

> While objective evidence is not mandatory at the second step of the test, ["][t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the

7

>           extent to which that impairment can reasonably be expected to
>           cause the pain the claimant alleges she suffers.["]

Id. at 565 n.3 (quoting Craig, 76 F.3d at 595).

Relying on Hines, the plaintiff in Pallett v. Astrue, No. 3:09CV819, 2010 WL 2696283 (E.D. Va. May 27, 2010), adopted by 2010 WL 2696653 (E.D. Va. July 7, 2010), raised the same argument Saylor advances here— that he was "'entitled to rely exclusively on subjective evidence,' i.e. his hearing testimony, because he 'met the threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed.'" 2010 WL 2696283, at *8. The Pallett court rejected that argument, holding the plaintiff "misstate[d] the Fourth Circuit's standard for evaluating a claimant's credibility." Id. The Pallett court held that Hines was distinguishable because in Hines, "there was no evidence in the record that was inconsistent with the claimant's statements regarding his pain;" therefore, the Fourth Circuit allowed Hines to rely exclusively on his statements as to the intensity and persistence of his symptoms. Id. at *9. The plaintiff in Pallett, on the other hand, "was not entitled to simply rely on his statements as evidence of the extent of his symptoms because his statements were inconsistent with the available evidence of record." Id.

The same is true here. This case is not like Hines. As the court made clear in its Memorandum Opinion, "[t]he evidence of record simply does not substantiate the degree of limitation Saylor alleges," Memorandum Opinion, Dkt. # 20, at 5, given her daily activities, her routine and conservative treatment, statements she made about her symptoms to her treating physician, and the lack of a medical opinion that Saylor's pain is disabling. Thus, unlike in Hines, Saylor was not entitled to rely solely on her subjective allegations of pain. "Craig [v. Chater] does not create or recognize a great weight rule affording the claimant a presumption of credibility at step two of the pain analysis based on a successful showing at step one." Smith v.

Astrue, 457 F. App'x 326, 329 (4th Cir. 2011). In reviewing the ALJ's decision, the court considered "all available evidence," both subjective and objective, and found no reason to disturb the ALJ's credibility determination. An ALJ's credibility determination is entitled to great deference. Pallett, 2010 WL 2696283, at *7 (citing Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997)). "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (1984) (citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)).[2] Both the ALJ and the court on judicial review thoroughly reviewed all of the record evidence and employed the proper legal standard. Plaintiff has not established that the court's earlier judgment is clearly erroneous or that it would work manifest injustice.

## C.

Finally, plaintiff claims the court erred in finding the ALJ's residual functional capacity assessment was supported by substantial evidence. Plaintiff merely rehashes the argument she raised on summary judgment that the ALJ failed to adequately explain the impact plaintiff's migraine headaches and fibromyalgia have on her functional capacity. Pl.'s Br. in Support of R.

---

[2] Plaintiff in her Rule 59 brief takes issue with the court's citation to Hatcher v. Secretary of Health & Human Services, 898 F.2d 21, 23 (1989), for the proposition that credibility determinations are in the province of the ALJ and courts ought not interfere with those determinations. See Pl.'s Br. in Support of R. 59 Mot., Dkt. # 23, at 2 n.1. Plaintiff asserts: "Hatcher contains no language supportive of this statement, and the outcome of the case was a reversal of the final administrative decision of the Secretary, and a remand for an award of benefits." Id. The court respectfully disagrees with plaintiff that Hatcher "contains no language supportive of this statement" and notes that it is not the only district court in this circuit to have cited Hatcher for this proposition. See, e.g., Hucks v. Colvin, No. 2:12-cv-76, 2013 WL 1810658, at *5 (N.D. W.Va. Apr. 3, 2013), adopted by 2013 WL 1810656 (N.D. W.Va. Apr. 29, 2013). Moreover, there is ample case law from the Fourth Circuit to support the proposition that an ALJ's credibility determination is entitled to great deference. See, e.g., Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) ("[A]lthough we cannot make credibility determinations, we are empowered to review the ALJ's decisions for substantial evidence…."); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (courts do not "make credibility determinations, or substitute our judgment for that of the Secretary"); Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994) (Luttig, J., concurring) ("Subject only to the substantial evidence requirement, it is the province of the Secretary, and not the courts, to make credibility determinations and to resolve ambiguities in the evidence."); Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (ALJ's observations as to a claimant's demeanor and credibility "are to be given great weight").

59 Mot., Dkt. # 23, at 10-11; see also Pl.'s Br. in Support of Mot. for Summ. J., Dkt. # 13, at 9. Plaintiff cites no specific error with respect to the court's ruling on this issue, other than the fact that she believes the court should have ruled in her favor. "[M]ere disagreement" with a court's ruling does not support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). As such, plaintiff provides no basis upon which the court could alter its judgment pursuant to Rule 59(e).

### III.

When reviewing the final decision of the Commissioner denying a claimant's application for disability benefits, the issue before the court is not whether plaintiff is disabled, "but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The court engaged in such an inquiry on judicial review and concluded that substantial evidence supports the Commissioner's decision in this case.

Having carefully reviewing plaintiff's Rule 59 motion, the Commissioner's response to that motion, the court's Memorandum Opinion, and the applicable case law, the court concludes that altering its judgment in this case is not necessary to correct a clear error of law or prevent manifest injustice. Plaintiff's burden on Rule 59 is a high one. Indeed, the Fourth Circuit has stated that a prior decision does not qualify as clearly erroneous or working manifest injustice "by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefridgerated dead fish.' It must be 'dead wrong.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted). Plaintiff simply has not met her burden on Rule 59(e). As such, her motion will be **DENIED**.

An appropriate Order will be entered.

                                Entered: May 21, 2013

                                /s/ Michael F. Urbanski

                                Michael F. Urbanski
                                United States District Judge